IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–01181–WJM–KMT

NANCY INIGUEZ,
JANICE NEULS, and
ZEPHYR CULBERTSON ADEE, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

DISH NETWORK, L.L.C, and
DOES 1 through 10, inclusive, and each of them,

    Defendants.

## ORDER

This matter is before the court on "Plaintiffs' Motion for Leave to File Second Amended Class Action Complaint and Demand for Jury Trial" (Doc. No. 20, filed July 11, 2013). Plaintiffs seek to add Mr. David Zacharias as a putative class representative. (*Id.*, ¶ 3.)

Pursuant to Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5*, 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason - such as undue delay,

> bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require, be "freely given."  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).  The Federal Rules reject the approach "that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."  *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

This case is in its relative infancy.  The court held a Scheduling Conference, at which it set a deadline of July 11, 2013, for amending the pleadings and joining parties.  (Doc. Nos. 19, 20.)  Thus, Plaintiffs' proposed amendments are not unduly delayed.  Furthermore, the defendants do not oppose Plaintiffs' Motion.  (*See* Doc. No. 24.)  Thus, there is no argument, and the court does not otherwise find that Plaintiffs' proposed Second Amended Complaint would be futile or is submitted in bad faith.  Therefore, it is

**ORDERED** Plaintiff's "Plaintiffs' Motion for Leave to File Second Amended Class Action Complaint and Demand for Jury Trial" (Doc. No. 20) is GRANTED. Plaintiffs may file their Second Amended Class Action Complaint and Demand for Jury Trial no later than September 20, 2013.

Dated this 16th day of September, 2013.

BY THE COURT:

_Kathleen M. Tafoya_
Kathleen M. Tafoya
United States Magistrate Judge