# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-01181-WJM-KMT

JANICE NEULS, ZEPHYR CULBERTSON ADEE
and DAVID ZACHARIAS, on behalf of themselves
and all others similarly situated,

    Plaintiffs,

        v.

DISH NETWORK, LLC and DOES 1 through 10,
inclusive and each of them,

    Defendant.

**SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, Janice Neuls, Zephyr Culbertson Adee and David Zacharias ("Plaintiffs"), on behalf of themselves and all others similarly situated, allege the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiffs bring this action for themselves and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Dish Network L.L.C. ("Defendant" or "DISH"), in negligently, knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephones in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiffs' privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff Culbertson Adee, a resident of California, Plaintiff Neuls, a resident of Arizona and Plaintiff Zacharias, a resident of Kansas, seek relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business and State of Incorporation in Colorado state. Plaintiffs also seek up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the District of Colorado pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business and is located within this judicial district.

## PARTIES

4. Plaintiff, Zephyr Culbertson Adee ("Plaintiff"), is a natural person residing in California and is a "person" as defined by *47 U.S.C. § 153 (10)*.

5. Plaintiff, Janice Neuls ("Plaintiff"), is a natural person residing in Arizona and is a "person" as defined by *47 U.S.C. § 153 (10)*.

6. Plaintiff, David Zacharias ("Plaintiff"), is a natural person residing in Kansas and is a "person as defined by *47 U.S.C. § 153 (10)*.

7. Defendant, Dish Network, LLC ("Defendant" or "DISH"), is a leader in satellite television services and offers a variety of consumer and business related satellite television services nationwide and is a "person" as defined by *47 U.S.C. § 153 (10)*.

8. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sue such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiffs will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

9. Plaintiffs are informed and believe that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiffs are informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

**FACTUAL ALLEGATIONS OF JANICE NEULS**

10. Beginning in or around June 2012, Defendant contacted Plaintiff on her cellular telephone, (602) 809-9999, in an attempt to collect an alleged outstanding debt owed by a "Larry Greenmeer."

11. Defendant placed multiple calls, no less than ten (10) calls, to Plaintiff's cellular telephone seeking to collect the alleged debt owed by "Larry Greenmeer."

12. Defendant used an "automatic telephone dialing system" (ATDS), as defined by *47 U.S.C. § 227(a)(1)* to place its calls to Plaintiff seeking to collect the debt allegedly owed by "Larry Greenmeer."

13. This ATDS has the capacity to store or produce telephone numbers to be dialed, using a random or sequential number generator.

14. When Plaintiff was unable to answer Defendant's calls, Defendant often left voicemail messages on Plaintiff's cellular telephone. Defendant's voicemail messages utilized an "artificial or prerecorded voice" as prohibited by *47 U.S.C. § 227(b)(1)(A)*.

15. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

16. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

17. On several occasions, Plaintiff spoke with certain agents of Defendant and informed these agents for Defendant that: 1) "Larry Greenmeer" cannot be reached on Plaintiff's telephone; 2) that Defendant has an incorrect telephone number and; 3) that Defendant must cease placing such calls to Plaintiff.

18. Despite receiving this information on numerous occasions, Defendant continued to place calls to Plaintiff, on her cellular telephone, using an "automated telephone dialing

system" and/or an "artificial or prerecorded voice" seeking to collect the alleged debt owed by "Larry Greenmeer."

19. Plaintiff is not a customer of Defendant's services and has never provided any personal information, including her cellular telephone number, to Defendant for any purpose whatsoever. Furthermore, Plaintiff does not know nor has ever known "Larry Greenmeer." Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

## FACTUAL ALLEGATIONS OF ZEPHYR CULBERTSON ADEE

20. Beginning in or around October 2012, Defendant contacted Plaintiff on his cellular telephone, (415) 233-2274, in an attempt to collect an alleged outstanding debt owed by a "Lena Abduelas."

21. Defendant placed multiple calls, often several times a week and up to a virtual daily basis, to Plaintiff's cellular telephone seeking to collect the alleged debt owed by "Lena Abduelas."

22. Defendant used an "automatic telephone dialing system" (ATDS), as defined by *47 U.S.C. § 227(a)(1)* to place its calls to Plaintiff seeking to collect the debt allegedly owed by "Lena Abduelas."

23. This ATDS has the capacity to store or produce telephone numbers to be dialed, using a random or sequential number generator.

24. When Plaintiff was unable to answer Defendant's calls, Defendant often left voicemail messages on Plaintiff's cellular telephone. Defendant's voicemail messages utilized an "artificial or prerecorded voice" as prohibited by *47 U.S.C. § 227(b)(1)(A)*.

25. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

26. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

27. On at least one (1) occasion, Plaintiff spoke with a certain agent of Defendant and informed this agent for Defendant that: 1) "Lena Abduelas" cannot be reached on Plaintiff's telephone; 2) that Defendant has an incorrect telephone number and; 3) that Defendant must cease placing such calls to Plaintiff.

28. Despite receiving this information, Defendant continued to place calls to Plaintiff, on his cellular telephone, using an "automated telephone dialing system" and/or an "artificial or prerecorded voice" seeking to collect the alleged debt owed by "Lena Abduelas."

29. Plaintiff is not a customer of Defendant's services and has never provided any personal information, including his cellular telephone number, to Defendant for any purpose whatsoever. Furthermore, Plaintiff does not know nor has ever known "Lena Abduelas." Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

## FACTUAL ALLEGATIONS OF DAVID ZACHARIAS

30. Beginning in or around October 2012, Defendant contacted Plaintiff on his cellular telephone, (620) 232-0915, in an attempt to solicit Plaintiff's business/subscription to Defendant's satellite television services.

31. Defendant placed multiple calls, no less than seventeen (17) calls, to Plaintiff's cellular telephone seeking to solicit Plaintiff's business/subscription to Defendant's satellite television services.

32. Defendant used an "automatic telephone dialing system" (ATDS), as defined by *47 U.S.C. § 227(a)(1)* to place its calls to Plaintiff seeking to solicit Plaintiff's business/subscription to Defendant's satellite television services.

33. This ATDS has the capacity to store or produce telephone numbers to be dialed, using a random or sequential number generator.

34. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

35. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

36. For virtually every single call Defendant placed to Plaintiff's cellular telephone, Plaintiff answered and spoke with certain agents of Defendant and informed said agent for Defendant that: 1) Plaintiff was not interested in Defendant's products/services; 2) that Plaintiff's cellular telephone was registered with the Do Not Call list; and 3) that Defendant must cease

placing such calls to Plaintiff.

37.     Despite receiving this information, Defendant continued to place calls to Plaintiff, on his cellular telephone, using an "automated telephone dialing system" seeking to solicit Plaintiff's business/subscription to Defendant's satellite television services.

38.     Plaintiff is not a customer of Defendant's services and has never provided any personal information, including his cellular telephone number, to Defendant for any purpose whatsoever.  Furthermore, Plaintiff routinely demanded that Defendant cease placing its solicitation calls to his cellular telephone.  Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

## **CLASS ALLEGATIONS**

39.     Plaintiffs bring this action on behalf of themselves and all others similarly situated as members of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

40.     Plaintiffs represent, and are members of, The Class, consisting of All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial

or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

41. Defendant, its employees and agents are excluded from The Class. Plaintiffs do not know the number of members in The Class, but believe the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

42. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs are informed and believe and thereon allege that The Class includes thousands of members. Plaintiffs allege that The Class members may be ascertained by the records maintained by Defendant.

43. Plaintiffs and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiffs and Class members via their cellular telephones thereby causing Plaintiffs and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiffs and Class members.

44. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be

determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    b. Whether Plaintiffs and the Class members were damages thereby, and the extent of damages for such violation; and

    c. Whether Defendant should be enjoined from engaging in such conduct in the future.

45. As persons who received numerous calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiffs' prior express consent, Plaintiffs are asserting claims that are typical of The Class.

46. Plaintiffs will fairly and adequately protect the interests of the members of The Class. Plaintiffs have retained attorneys experienced in the prosecution of class actions.

47. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of

numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

48. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

49. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION
**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

50. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-49.

51. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

52. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiffs and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

53. Plaintiffs and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
**Knowing and/or Willful Violations of the Telephone Consumer Protection Act
47 U.S.C. §227 et seq.**

54. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-53.

55. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

56. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiffs and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

57. Plaintiffs and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment against Defendant for the following:

## FIRST CAUSE OF ACTION
**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiffs and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION
**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiffs and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.
- Any and all other relief that the Court deems just and proper.

Respectfully Submitted this 16th Day of September, 2013.

                    LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:   /s/ Nicholas J. Bontrager
       Nicholas J. Bontrager
       Todd M. Friedman
       Law Offices of Todd M. Friedman, P.C.
       369 S. Doheny Dr., #415
       Beverly Hills, CA 90211
       T: (888) 595-9111
       F: (866) 633-0228
       E: nbontrager@attorneysforconsumers.com
          tfriedman@attorneysforconsumers.com
       Attorneys for Plaintiffs

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business Address is 369 S. DOHENY DR. #415 BEVERLY HILLS, CA 90211.

On September 16, 2013, I served the following document(s) described as: **Second Amended Class Action Complaint**, on all interested parties in this action by placing:

[X]     a true copy
[ ]     the original thereof enclosed in sealed envelope(s) addressed as follows:

Richard R. Patch, Esq.
Zuzana S. Ikels, Esq.
Jeremiah J. Burke, Esq.
Coblentz, Patch, Duffy & Bass LLP
One Ferry Building, Suite 200
San Francisco, CA 94111-4213

Rachel A. Morris Wood, Ris & Hames, P.C.
1775 Sherman Street, Suite 1600
Denver, CO 80203-4313

        BY CM/ECF – I filed the foregoing documents via the Court's CM/ECF filing system which provides electronic service to Defendant's counsel at his "email address of record."

[X]     STATE – I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 16, 2013, at BEVERLY HILLS, California.

                                       By: /s/ Nicholas J. Bontrager
                                              Nicholas J. Bontrager